### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| **AMY J. WHITTINGTON,** ) | |
| ) | 8:10CV465 |
| **Plaintiff,** ) | |
| ) | |
| v. ) | **PROTECTIVE ORDER** |
| ) | |
| **LEGENT CLEARING, L.L.C.,** ) | |
| ) | |
| **Defendant.** ) | |

WHEREAS, Plaintiff Amy J. Whittington (Whittington) and Defendant Legent Clearing LLC (Legent Clearing) consent and agree that discovery in the above-captioned action has and may continue to involve the production of documents and information containing confidential proprietary and business information, confidential financial information, confidential personal information and/or trade secrets (Confidential Information),

**IT IS HEREBY ORDERED**

1. Documents, including interrogatory responses, other discovery responses, or transcripts containing Confidential Information disclosed or produced by any party in this litigation may be designated as "Confidential."

2. Material designated as Confidential under this Agreement ("Protected Material") shall be categorized as either:

    a.    "CONFIDENTIAL" or

    b.    "CONFIDENTIAL – ATTORNEY'S EYES ONLY."

With respect to documents, the designating party shall place the words above, or similar language, clearly on each such page or portion of the document(s) designated for protection. In lieu of marking the original of a document, if the original is not produced, the designating party may mark the copies that are exchanged or produced.

3. A party designating Protected Material as "CONFIDENTIAL--ATTORNEY'S EYES ONLY" under paragraph 2(b), above, shall do so only upon a good faith belief that designation as "CONFIDENTIAL" under paragraph 2(a), above, would, in its opinion, cause injury or damage to that party.

4.  Protected Material designated as "CONFIDENTIAL" under paragraph 2(a), above, may be disclosed only to the following persons ("Qualified Persons"), and only under the conditions set forth in paragraph 5, below, except upon the prior written consent of the designating party:

    a.  The Court and its officers and employees.

    b.  Attorneys representing the parties and employees/independent contractors of such attorneys assigned to and necessary to assist in the conduct of this action.

    c.  Bona fide consultants and experts retained by the attorneys for the parties, to the extent necessary for the conduct of this action.

    d.  The parties or their officers, directors and employees.

    e.  Deponents noticed by the parties, to the extent necessary for the conduct of this action.

    f.  Any person shown on the face of a document to have authored or received it.

    g.  Court reporters retained to transcribe testimony.

    h.  A witness for trial.

    i.  Outside independent persons (i.e. persons not currently or formerly employed by, consulting with, or otherwise associated with any party) who is/are retained by a party or its attorneys to furnish technical or expert services, or to provide assistance as mock jurors or focus group members or the like, and/or to give testimony in this action.

5.  Before any Qualified Person in possession of Protected Material (a "disclosing person," for purposes of this paragraph) shows or discloses such Protected Material to a person described in paragraph 4(i), (a "receiving person" for purposes of this paragraph), the disclosing person shall provide to the receiving person a copy of this Agreement and shall require the receiving person to execute (sign and date) a copy of Exhibit "A" – Consent to Terms of Agreement Regarding Protection of Discovery.

6.  Protected Material designated as "ATTORNEY'S EYES ONLY" under paragraph 2(b), above, may be disclosed only to those persons enumerated in paragraphs

4(a), 4(b), 4(c) and 4(d), unless the prior written consent of the designating party, or the agreement of the Court, is first obtained.

7. Protected Material produced or exchanged in the course of this Litigation shall not be used for any purpose other than preparation for trial and any pre-trial or post-trial proceeding in this action.

8. If a party files a document containing Confidential Information with the Court, it shall do so in compliance with the Electronic Case Filing Procedures for the United States District Court for the District of Nebraska. Prior to disclosure at trial or a hearing of materials or information designated "CONFIDENTIAL" or "CONFIDENTIAL--ATTORNEY'S EYES ONLY," the parties may seek further protections against public disclosure from the Court.

9. All Qualified Persons receiving or reviewing Protected Material shall treat any document they create that incorporates Protected Material – including handwritten notes or correspondence – as a derivative copy of the Protected Material. All such derivative copies shall be treated just as the Protected Material.

10. A party shall not be obligated to challenge the propriety of a designation under paragraph 2 at the time made, and the failure to do so shall not preclude a subsequent challenge thereto. Any party may request in writing to the party who made the designation that the designation be modified or withdrawn. If the designating party does not agree to re-designation within 14 days of receipt of the written request, the requesting party may apply to the Court for relief. Upon any such application to the Court for relief, the burden shall be on the designating party to show why its designation is proper. All interested parties will make best efforts to resolve such disagreements as to any designation under paragraph 2 before submitting such disagreement to the Court. Agreement of the parties to this Agreement shall not be construed as an agreement or admission by one party that any designation under paragraph 2 by the other party is in any way proper or correct.

11. Within 60 days of the termination of this action, including any appeals, each party shall either destroy or return to the opposing party all documents designated by the opposing party as Protected Material, and all copies of such documents, and shall destroy

all extracts and/or data taken from such documents. Each party shall provide a certification to the opposing party as to such return or destruction as within the 60 day period. Attorneys shall be entitled to retain a set of all documents filed with the Court and all correspondence generated in connection with the action. Any Protected Material filed with the Court shall be disposed of pursuant to the parties' stipulation and/or order of the Court.

12. If the Protected Material defined by this Agreement is in any manner referenced or utilized in the course of a deposition, counsel for the parties shall be given the opportunity to indicate on the record at the deposition, or in writing to the other party, within 5 business days after receipt of the transcript of such deposition, that the testimony contains Protected Material and is subject to the provisions of this Agreement.

13. For any deposition or segment of a deposition wherein either party intends on discussing or utilizing in any manner the Protected Material defined herein, such deposition shall be conducted in private, with only Qualified Persons in attendance. If Protected Material designated "ATTORNEY'S EYES ONLY," under paragraph 2(b) above, is to be referred to, shown, or discussed, then attendance at the deposition or that segment of the deposition shall be further restricted according to the restrictions set forth in paragraph 6 above.

14. Except as set forth in paragraph 10, the restrictions governing disclosure of the Protected Material only to Qualified Persons embodied in this Agreement shall be binding upon the non-designating party unless and until the Court rules otherwise based upon a showing by the non-designating party that:

    a.    The Protected Material was public knowledge at the time it was designated as Protected Material under this Agreement, or becomes public knowledge absent a breach of the restrictions governing disclosure of the Protected Material only to Qualified Persons contained in this Agreement; or

    b.    The Protected Material was made known to the non-designating party through a third party who himself has not breached any obligation of confidentiality owed by that third party to the designating party in doing so.

15. The restrictions governing disclosure of the Protected Material only to Qualified Persons contained in this Agreement shall survive the conclusion of this Litigation

by dismissal, settlement, entry of final judgment or other means.  The Court shall retain jurisdiction to enforce the terms of this Agreement, and all parties to this Agreement expressly submit to the jurisdiction of the Court for purposes of such enforcement.

Dated this 24th day of June, 2011.

BY THE COURT:

s/ Thomas D. Thalken
United States Magistrate Judge