# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| AMY J. WHITTINGTON, | ) | |
| | ) | 8:10CV465 |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| LEGENT CLEARING, L.L.C., | ) | |
| | ) | |
| Defendant. | ) | |

This matter comes before the court on the defendant's Motion to Compel Answers to Interrogatories (Filing No. 33). The defendant filed a brief (Filing No. 34) and an index of evidence (Filing No. 35) in support of the motion. The plaintiff filed a brief (Filing No. 42) and an index of evidence (Filing No. 43) in opposition to the motion. The defendant filed a brief (Filing No. 45) in reply.

## BACKGROUND

This case arises from the employment relationship between the parties. **See** Filing No. 1 - Complaint. The plaintiff alleges she was employed by the defendant from September 25, 1995, until April 14, 2008, when she was terminated from her position as a vice president of sales. *Id.* ¶¶ 7, 9, 18. The plaintiff alleges she was terminated based on her gender despite performing her duties "in an excellent manner" and meeting the defendant's legitimate employment expectations. *Id.* ¶¶ 10, 18. The plaintiff describes her work environment as one where the males received more favorable employment conditions, assignments, and privileges, including providing males with more favorable business leads and information and managerial input required for work performance. *Id.* ¶ 12. The defendant refused the plaintiff's request for the privilege to work from home. *Id.* Additionally, the plaintiff alleges the defendant's male employees engaged in sexually harassing and discriminatory conduct toward her, including "remarks of a sexual and sexually-suggestive nature." *Id.* ¶ 14. Despite the plaintiff's complaints to her superiors, the defendant failed or refused to investigate the remarks. *Id.* ¶¶ 16-17. Based on these allegations, the plaintiff asserts claims of employment discrimination for violations of Title

VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.*; the Nebraska Fair Employment Practice Act, Neb. Rev. Stat. §§ 48-1101 to 48-1125; the Equal Pay Act of 1963, 29 U.S.C. § 206(d); and Nebraska's equal pay provisions, Neb. Rev. Stat. §§ 48-1219 to 48-1227.01.

On February 16, 2011, the parties were authorized to began discovery. **See** Filing No. 11 - Progression Order.  On March 2, 2011, the plaintiff served the defendant with her initial disclosures listing ten individuals who were likely to have discoverable information. **See** Filing No. 13 - Notice of Service; Filing No. 35 Ex. 1(A) - Initial Disclosures.  The plaintiff listed the "subjects of information" for each of the ten individuals as "Plaintiff's employment with Defendant and its subsequent termination." **See** Filing No. 35 Ex. 1(A) - Initial Disclosures.  On June 6, 2011, the defendant served interrogatories on the plaintiff seeking, *inter alia*, additional descriptive information about individual witnesses. **See** Filing No. 15 - Notice of Service.  Specifically, the two interrogatories relevant to the defendant's motion to compel are:

> INTERROGATORY NO. 1:  Identify each person you have reason to believe may be a fact witness for you at the trial of this matter, and the subject matter on which that person may or will testify.
>
> * * *
>
> INTERROGATORY NO. 3:  Identify all individuals known to you to have any relevant knowledge concerning your allegations against Defendant and a description of their relevant knowledge of the claims.

**See** Filing No. 34 Ex. 1(B) - Interrogatories.

On August 5, 2011, the plaintiff served her responses to the interrogatories stating:

> Plaintiff has not yet determined those persons whom she may call as fact witnesses at trial of the above-captioned matter, but Plaintiff intends to abide by the Court's deadline for disclosing same found in its Order Setting Scheduling for Progression of a Civil Case dated June 17, 2011.  At the present time, however, Plaintiff reasonably expects that fact witnesses at trial will include those individuals disclosed by Plaintiffs in her Initial Disclosures dated March 2, 2011, as well as those individuals disclosed in Plaintiff's answer to Interrogatory No. 3 below.

In response to Interrogatory No. 3, the plaintiff listed three individuals, in addition to those previously identified in her initial disclosures, stating these individuals had information about "Plaintiff's employment with Defendant and its subsequent termination."  **See** Filing No. 34 Ex. 1(B) - Interrogatories.

On June 17, 2011, the court set the final progression schedule.  **See** Filing No. 17. On September 23, 2011, the final progression order was amended setting the deadlines for motions for summary judgment (January 6, 2012), discovery motions (November 1, 2011), expert disclosures, and lay witness disclosures (December 1, 2011).  **See** Filing No. 26.  Trial is scheduled for June 11, 2012.  **Id.**  The parties received an extension of the deadline to file discovery motions until November 11, 2011.  **See** Filing No. 31 - Text Order. During this time, the parties conferred about the interrogatory responses but were unable to resolve their differences without the motion to compel.  Specifically, the defendant seeks a more definite statement about who the plaintiff will call at trial and a more detailed description of the intended trial testimony.  **See** Filing No. 33.  On November 11, 2011, the defendant filed the instant motion to compel.  **Id.**  On December 1, 2011, the parties served each other with the lists of individuals they may or will call at trial.  **See** Filing Nos. 46 and 47.

### ANALYSIS

"Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense . . . [or] appears reasonably calculated to lead to the discovery of admissible evidence."  Fed. R. Civ. P. 26(b)(1).  "Broad discovery is an important tool for the litigant, and so '[r]elevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence.'"  ***WWP, Inc. v. Wounded Warriors Family Support, Inc.**, 628 F.3d 1032, 1039 (8th Cir. 2011)* (**quoting** Fed. R. Civ. P. 26(b)(1)).  However, "[t]he District Court does have discretion to limit the scope of discovery."  ***Credit Lyonnais v. SGC Int'l, Inc.**, 160 F.3d 428, 431 (8th Cir. 1998)*.  There can be no doubt the defendant's interrogatories request relevant information.

Once the requesting party meets the threshold relevance burden, generally "[a]ll discovery requests are a burden on the party who must respond thereto.  Unless the task of producing or answering is unusual, undue or extraordinary, the general rule requires the entity answering or producing the documents to bear that burden."  *Continental Ill. Nat'l Bank & Trust Co. of Chicago v. Caton*, 136 F.R.D. 682, 684-85 (D. Kan. 1991) (citation omitted).  The party opposing a motion to compel has the burden of showing its objections are valid by providing specific explanations or factual support as to how each discovery request is improper.  *St. Paul Reinsurance Co., Ltd. v. Commercial Fin. Corp.*, 198 F.R.D. 508, 511-12 (N.D. Iowa 2000) (objecting party has the burden to substantiate its objections).  The party resisting discovery has the burden to show facts justifying its objection by demonstrating that the time or expense involved in responding to requested discovery is unduly burdensome.  **See** *Wagner v. Dryvit Sys., Inc.*, 208 F.R.D. 606, 610 (D. Neb. 2001).  This imposes an obligation to provide sufficient detail and explanation about the nature of the burden in terms of time, money and procedure required to produce the requested discovery.  **See** *id.*

Federal Rule of Civil Procedure 33 provides:

> An interrogatory may relate to any matter that may be inquired into under Rule 26(b).  An interrogatory is not objectionable merely because it asks for an opinion or contention that relates to fact or the application of law to fact, but the court may order that the interrogatory need not be answered until designated discovery is complete, or until a pretrial conference or some other time.

Fed. R. Civ. P. 33(a)(2).

Generally, "[t]he responding party must serve its answers and any objections within 30 days after being served with the interrogatories."  Fed. R. Civ. P. 33(b)(2).  "Each interrogatory must, to the extent it is not objected to, be answered separately and fully in writing under oath."  Fed. R. Civ. P. 33(b)(3).  If an objection is made, "[t]he grounds for objecting to an interrogatory must be stated with specificity.  Any ground not stated in a timely objection is waived unless the court, for good cause, excuses the failure."  Fed. R. Civ. P. 33(b)(4).  The parties are under a continuing obligation to supplement or correct any

4

disclosure, including an initial disclosure and response to an interrogatory, that is or becomes incomplete or incorrect.  Fed. R. Civ. P. 26(e).

The plaintiff contends her listing of witness names with the generic description in the interrogatory response and reference to the names listed in the prior disclosure provides a full and complete response to the defendant's interrogatory.  **See** Filing No. 42 - Response p. 4-5.  The plaintiff argues she will provide a more specific witness list in accordance with the deadlines imposed by the court and, at the time of the responses she did not know any more detail about content of such witnesses' knowledge.  *Id.* at 5-6.  The plaintiff states the defendant has access to its own employees and may more easily determine the extent of their knowledge.  *Id.*

The defendant contends the plaintiff's responses are deficient because the responses fail to provide detailed descriptions of the information known to the listed persons.  **See** Filing No. 34 - Brief p. 34 p. 6-7.  The defendant argues the responses are insufficient in light of the allegations in the complaint in that the responses fail to identify which individuals have knowledge about sexually suggestive comments or favorable treatment given to male employees.  *Id.* at 7.  The defendant also objects to the plaintiff's reference to outside documents (i.e., the initial Rule 26 disclosures).  *Id.* at 6-7.  Finally, the defendant argues it is unable to plan depositions based on the inadequate disclosures.  *Id.* at 7-8.  The lack of information prejudices the defendant with regard to delaying the depositions and impinging on the remaining deadlines imposed in this case.  *Id.* at 8.

The court finds the plaintiff's responses to the interrogatories are insufficient. Although the plaintiff does provide a list of knowledgeable persons, she need not disclose a definitive list of trial witnesses prior to the deadline imposed by the court.[1]  However, the responses do not provide the information requested about *who* knows *what*.  The generic description given by the plaintiff is insufficient under the circumstances.  The plaintiff has some obligation under the rules to describe the knowledge of each identified witness has.  The plaintiff may not claim total ignorance in light of the specific allegations in the complaint.  Accordingly, the plaintiff shall supplement her responses to the interrogatories

---

[1] The plaintiff has now disclosed her witness list for trial.  **See** Filing No. 46 - Notice of Service.

5

by listing each person with a description of the information he or she possesses, or may possess, relative to the specific allegations in the complaint. The plaintiff need not interview the witnesses to provide the descriptions, but for example, the plaintiff should indicate which individuals made or witnessed sexually suggestive comments and which individuals have knowledge about the plaintiff's complaints of sexual harassment. In any event, the plaintiff remains subject to her ongoing duty to supplement or correct previous discovery responses as becomes necessary during the course of discovery. Despite granting the defendant's motion to compel, the court finds the plaintiff's responses were substantially justified or other circumstances make an award of expenses unjust. **See** Fed. R. Civ. P. 37(a)(5)(A). Upon consideration,

**IT IS ORDERED:**

1.    The defendant's Motion to Compel Answers to Interrogatories (Filing No. 33) is granted.

2.    The plaintiff shall have to **on or before December 22, 2011**, to supplement her responses to Interrogatory Nos. 1 and 3.

DATED this 8th day of December, 2011.

BY THE COURT:

s/ Thomas D. Thalken
United States Magistrate Judge

---

*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.